UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 10-CV-01614-LHK |
| Plaintiff, | ORDER EXTENDING TIME TO SERVE SUMMONS AND COMPLAINT |
| v. | |
| THOMAS RICH MCINNIS, et al., | |
| Defendants. | |

Plaintiff filed an ex parte application for an order extending time for an additional 60 days to serve the Summons and Complaint upon Defendant Thomas Rich McInnis, individually and doing business as Seabreeze Tavern. Having reviewed Plaintiffs' papers and the relevant legal authorities, the Court GRANTS an extension of time to serve the Summons and Complaint on Defendant McInnis until **September 10, 2010**.

## I. BACKGROUND

Plaintiff filed the instant action on April 15, 2010. On the same day, this court issued summons as to Defendants Thomas Rich McInnis and Sarah Ann Unger. Plaintiff states that it has not yet been able to serve Defendant McInnis, despite diligent efforts, but that it recently identified

an alternative address that it believes will be successful. Plaintiff therefore moves ex parte to extend the time to serve Defendant McInnis by 60 days.

## II. ANALYSIS

The time for serving the summons and complaint is set forth in Federal Rule of Civil Procedure 4(m). Generally, service upon defendants must be made within 120 days after the complaint is filed. Fed. R. Civ. Pro. 4(m). However, if the plaintiff shows good cause for failure to serve within the 120-day period, the court is required to extend time for service. *Id.* Under Rule 4, a court also has discretion to extend the time for service in the absence of good cause. *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In order to demonstrate good cause, a plaintiff may be required show three factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*; *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). It appears that Defendant McInnis received actual notice of the lawsuit when Plaintiff served the Clerk's Notice of the Case Management Conference on August 10, 2010. However, Plaintiff does not explain why it was able to serve the Clerk's Notice but not the Summons and Complaint, nor does Plaintiff give any indication of its efforts to serve Defendant or allege any facts suggesting good cause for the delay in service. Plaintiff therefore fails to establish good cause.

Absent good cause, district courts have broad, though not unlimited, discretion to extend time for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *In re Sheehan*, 253 F.3d at 513. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Courts may also consider whether the plaintiff has substantially complied with the service requirements. *Tyson v. City of*

*Sunnyvale*, 159 F.R.D. 528, 530 (N.D.Cal. 1995).  Here, Plaintiff has not substantially complied with the service requirements or alleged that it will face prejudice if an extension is not granted.  Ordinarily, the Court would deny the request for an extension under these facts.  However, because Defendant McInnis has actual notice of the lawsuit and has indicated that he will accept service by U.S. mail, Letter from Rich McInnis (Aug. 11, 2010), ECF No. 16, the Court will grant a limited extension of the time for service.  As there is a Case Management Conference set in this case for September 17, 2010, and Defendant McInnis has indicated a manner in which he can easily be served, the Court will grant an extension until September 10, 2010.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to extend time for serving the summons and complaint is granted.  Plaintiff is HEREBY ORDERED to properly serve Defendant McInnis no later than September 10, 2010, and to file proof of service with the Court no later than September 16, 2010.

The Court shall not grant any further extensions, and if Plaintiff fails to comply with the Court's deadline, the claims against Defendant McInnis shall be dismissed.

**IT IS SO ORDERED.**

Dated: August 25, 2010

_____
LUCY H. KOH
United States District Judge